NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**19-590**

**STATE OF LOUISIANA**

**VERSUS**

**ANTHONY STRONG**

**\*\*\*\*\*\*\*\*\*\***

ON REMAND FROM THE
SUPREME COURT OF THE
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 333,679
HONORABLE LOWELL C. HAZEL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**PHYLLIS M. KEATY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**CONVICTION AND SENTENCE VACATED; REMANDED.**

**J. Phillip Terrell, Jr.**
**District Attorney**
**Catherine L. Davidson**
**Assistant District Attorney**
**Post Office Box 7358**
**Alexandria, Louisiana  71306-7358**
**(318) 473-6650**
**Counsel for Appellee:**
        **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598-2389**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
        **Anthony Strong**

**Jeff Landry**
**Attorney General**
**J. Taylor Gray**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Criminal Division**
**Post Office Box 94005**
**Baton Rouge, Louisiana  70804**
**(225) 326-6200**
**Counsel for Other Respondent:**
        **Attorney General, State of Louisiana**

**KEATY, Judge.**

Defendant, Anthony Strong, was convicted of first degree robbery and was sentenced, as a habitual offender, to forty years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. He appealed his conviction and sentence, arguing that the evidence was insufficient to support his conviction and that Louisiana's constitutional and statutory provisions allowing a conviction with a verdict of less than all twelve jurors violated the Equal Protection Clause of the United States Constitution. This court affirmed his conviction and sentence. *See State v Strong*, 19-590 (La.App. 3 Cir. 2/27/20) (unpublished opinion).

Defendant sought review of this court's ruling in the supreme court. On December 8, 2020, the supreme court remanded the case for re-examination because it was pending on direct review when *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020), was decided. *State v. Strong*, 20-483 (La. 12/8/20), ___ So.3d ___.

In *Ramos*, the Supreme Court unambiguously determined that non-unanimous verdicts are not permissible under the Sixth Amendment to the Constitution and the prohibition applies to the states through the Fourteenth Amendment. Defendant was tried by a jury of twelve, and eleven of those jurors concurred in the verdict. *Strong*, 19-590, p. 9. It is clear that *Ramos* requires that Defendant's conviction and sentence be vacated and the case remanded for a new trial.

## DECREE

Defendant's conviction and sentence are vacated, and the case is remanded for a new trial pursuant to *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020).

**CONVICTION AND SENTENCE VACATED; REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.